UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDDIE LOUIS DILLARD,

    Plaintiff,

v.

STATE DEPARTMENT OF CORRECTIONS,
and JOAN FABIAN, Commissioner,

    Defendants.

Civil No. 09-2061 (JNE/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Minnesota Correctional Facility at Lino Lakes, Minnesota, is attempting to sue the Minnesota Department of Corrections and Commissioner of Corrections, Joan Fabian. This case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application was found to be deficient, and he was therefore directed to file an amended IFP application, and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). (Order dated August 21, 2009; [Docket No. 4].) Plaintiff subsequently filed an amended IFP application, (Docket No. 5), but he still has not paid any initial partial filing fee. It appears from Plaintiff's latest submissions, however, that he may be unable to pay even the initial partial filing fee required by § 1915(b)(1). Therefore, the Court finds, at least for now, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

## I. BACKGROUND

Most of Plaintiff's voluminous submissions in this case are incomprehensible. It is clear, however, that sometime during the past year, Plaintiff was released from prison on some form of supervised or conditional release, and that he was later returned to prison for allegedly violating the terms and conditions of his release. It is also clear that Plaintiff believes his release was wrongly revoked, and that he was returned to prison in violation of his rights under state law and the federal Constitution. Lastly, it is clear that Plaintiff believes he should be released from prison, and that he will be released from prison if his current lawsuit is successful.

## II. DISCUSSION

Plaintiff is a prisoner who is seeking redress from a government agency, (the Minnesota Department of Corrections), and a government employee, (Commissioner Joan Fabian). Therefore, Plaintiff's complaint must undergo preliminary "screening" pursuant to 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to review the pleadings in every civil action brought by a prisoner against government employees and entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state a cause of action on which relief can be granted, the case must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff has failed to plead a viable cause of action, because his claims are barred under the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases,

the Court held that a prisoner cannot challenge the fact or duration of his confinement in a non-habeas civil lawsuit. Instead, habeas corpus is the exclusive federal remedy for a prisoner who seeks an expedited release from custody. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Heck further holds that even when a prisoner-plaintiff is not directly challenging the fact or duration of his incarceration, he cannot bring a non-habeas civil action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

Here, it is readily apparent that Plaintiff is challenging the validity of his current confinement by the State of Minnesota. Indeed, he is expressly asking this Court to enter an order that would cause him to be immediately released from prison. (Complaint, [Docket No. 1], p. 6.) Moreover, even if Plaintiff were to disavow his specific request for immediate release from custody, this action still would be barred by Heck because a judgment in Plaintiff's favor in this case would inevitably cast doubt on the validity of his confinement. Although much of what Plaintiff has submitted in this case is inscrutable, it is clear that he is challenging the legality and constitutionality of the process that was used to send him back to prison, and he is seeking a judgment that would effectively invalidate the ruling that caused him to be returned to prison. A judgment in Plaintiff's favor in this case would, necessarily, "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. Therefore, according to Heck, Plaintiff's current claims for relief cannot be entertained at this time.

The Court notes that Plaintiff has filed a motion seeking leave to amend his

complaint in this case, (Docket No. 6), but it is readily apparent that Plaintiff's proposed amendments would not cure the fatal defect in this case. In fact, Plaintiff's submissions in support of his motion to amend only reinforce the Court's determination that this case is barred by Heck, because those submissions reiterate – more clearly than before – that Plaintiff is seeking an expedited release from custody. (See Plaintiff's submission entitled "Summons," [Docket No. 9], pp. 9 and 12.) Because Plaintiff's proposed amendment to his complaint would not cure the fatal pleading defect in this case, (and, in fact, only amplifies that defect), the Court will recommend that Plaintiff's motion to amend his complaint be denied. See Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 225 (8th Cir. 1994) ("[g]ood reason to deny leave to amend exists if the amendment would be futile").

In summary, according to Heck, Plaintiff cannot maintain a non-habeas civil action that directly or indirectly challenges the validity of his confinement, (regardless of the type of relief being sought), until after he has successfully challenged his confinement in an appropriate forum, i.e., in a state or federal habeas corpus action. Sheldon, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"). Because Plaintiff has not satisfied this precondition, his current lawsuit is clearly barred by Heck.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state a cause of action on which relief can be granted. Therefore, this case must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and Plaintiff's application for leave

to proceed in forma pauperis, (Docket No. 2), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[2]  To date, he has paid not paid any filing fee at all, so he still owes the full $350.00 fee.  Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Finally, because Plaintiff has failed to plead an actionable claim for relief, the dismissal of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's amended application to proceed in forma pauperis, (Docket No. 5), be **DENIED**;

2. Plaintiff's motion seeking leave to file an amended complaint, (Docket No. 6), be

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**DENIED**;

3. This action be **SUMMARILY DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00 fee, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."


Dated: October 7, 2009         s/ *Jeanne J. Graham*
                               JEANNE J. GRAHAM
                               United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 21, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.